UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

PEDRO C. SERRITIELLO, and other similarly situated individuals, )
)
Plaintiff(s), )
)
v. )
)
STARWOOD HOTELS & RESORTS WORLDWIDE, INC. d/b/a The St Regis Bal Harbour Resort; WORLDWIDE TRANSPORTATION SERVICES, INC. and ALI A. MALEK, )
)
Defendants. )

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, PEDRO C. SERRITIELLO ("Plaintiff") and other similarly situated individuals, sue the Defendants, STARWOOD HOTELS & RESORTS WORLDWIDE, INC. d/b/a The St Regis Bal Harbour Resort; WORLDWIDE TRANSPORTATION SERVICES, INC. and ALI A. MALEK (collectively the "Defendants") and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. STARWOOD HOTELS & RESORTS WORLDWIDE, INC. d/b/a The St Regis Bal Harbour Resort and WORLDWIDE TRANSPORTATION SERVICES, INC. (the "Corporate Defendants") and ALI A. MALEK (the "Individual Defendant"), are Florida companies and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Miami-Dade County, Florida.

4. The Corporate Defendants are entities engaged in related activities, which perform through a unified operation, with a common business purpose. The Corporate Defendants share employees, including the Plaintiff in this case.

5. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers. Alternatively, each company is a covered enterprise and an "employer" under the Act.

**COUNT I: WAGE AND HOUR VIOLATION BY
STARWOOD HOTELS & RESORTS WORLDWIDE, INC. d/b/a THE ST REGIS
BAL HARBOUR RESORT (OVERTIME)**

6. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

7. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant, STARWOOD HOTELS & RESORTS WORLDWIDE, INC. ("Starwood") unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any

of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Starwood is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Starwood operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Starwood obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Starwood was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, Starwood is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for Starwood. Starwood's business activities involve those to which the Act applies. Starwood is a hotel and resort and, through its business activity, affects interstate commerce. The Plaintiff's work for Starwood likewise affects interstate commerce. Plaintiff was employed by Starwood as a driver for Starwood's business.

10. While employed by Starwood, Plaintiff worked approximately an average of 84 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a driver performing the same or similar duties as that of those other similarly situated drivers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

11. Plaintiff worked for Starwood from approximately February 14, 2012 to December 28, 2014. In total, Plaintiff worked approximately 112 compensable weeks under the Act, or 112 compensable weeks if we count 3 years back from the filing of the instant action.

12. Starwood paid Plaintiff through WORLDWIDE TRANSPORTATION SERVICES, INC. on average approximately $15 per per hour.

13. However, Starwood did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week. In essence, Plaintiff was compensated approximately $15 per hour, for 10 hours on a daily basis, for either 6 or 7 days per week. However, Plaintiff was not paid at all for hours in excess of 10 that he worked on a daily basis and was also never compensated at the overtime rate applicable to his hourly rate ($22.50).

14. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

15. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   a. **Actual Damages: $77,280**
      i. <u>Subject to discovery, what Plaintiff was paid</u>: $15 (hourly pay) x 10 (hours) x 6 (days of the week) x 112 (compensable weeks) = $100,800

  ii. <u>Subject to discovery, what Plaintiff should have been paid</u>:

   a. <u>Regular Time</u>: $15 (hourly pay) x 40 (hours) x 112 (compensable weeks) = $67,200

   b. <u>Overtime</u>: $15 (hourly pay) x 1.5 x 44 (hours) x 112 (compensable weeks) = $110,880

   c. <u>Total</u>: $178,080

 b. **Liquidated Damages:** $77,280

 c. **Total Damages: $154,560** plus reasonable attorneys' fees and costs of suit.

16. At all times material hereto, Starwood failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Starwood to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Starwood who are and who were subject to the unlawful payroll practices and procedures of Starwood and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

17. Starwood knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with Starwood as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. Starwood never posted any notice, as required

by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

18. Starwood willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Starwood as set forth above.

19. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against Starwood on the basis of Starwood's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

**COUNT II: WORLD WIDE TRANSPORTATION SERVICES, INC.**
**(OVERTIME)**

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

21. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant, WORLDWIDE TRANSPORTATION SERVICES, INC. ("Worldwide") unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

22. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Worldwide is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Worldwide operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Worldwide obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Worldwide was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

23. By reason of the foregoing, Worldwide is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for Worldwide. Worldwide's business activities involve those to which the Act applies. Worldwide is a private transportation company and, through its business activity, affects interstate commerce. The Plaintiff's work for Worldwide likewise affects interstate commerce. Plaintiff was employed by Worldwide as a driver for Worldwide's business.

24. While employed by Worldwide, Plaintiff worked approximately an average of 84 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a driver performing the same or similar duties as that of those other similarly situated drivers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

25. Plaintiff worked for Worldwide from approximately February 14, 2012 to December 28, 2014. In total, Plaintiff worked approximately 112 compensable weeks under the Act, or 112 compensable weeks if we count 3 years back from the filing of the instant action.

26. Worldwide paid Plaintiff through WORLDWIDE TRANSPORTATION SERVICES, INC. on average approximately $15 per hour.

27. However, Worldwide did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week. In essence, Plaintiff was compensated approximately $15 per hour, for 10 hours on a daily basis, for either 6 or 7 days per week. However, Plaintiff was not paid at all for hours in excess of 10 that he worked on a daily basis and was also never compensated at the overtime rate applicable to his hourly rate ($22.50).

28.     Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

29.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

- d. **Actual Damages: $77,280**
    - iii. <u>Subject to discovery, What Plaintiff was Paid</u>: $15 (hourly pay) x 10 (hours) x 6 (days of the week) x 112 (compensable weeks) = $100,800
    - iv. <u>Subject to discovery, What Plaintiff Should have been Paid</u>:
        - a. <u>Regular Time</u>: $15 (hourly pay) x 40 (hours) x 112 (compensable weeks) = $67,200
        - b. <u>Overtime</u>: $15 (hourly pay) x 1.5 x 44 (hours) x 112 (compensable weeks) = $110,880
        - c. <u>Total</u>: $178,080
- e. **Liquidated Damages:** $77,280
- f. **Total Damages: $154,560** plus reasonable attorneys' fees and costs of suit.

30.     At all times material hereto, Worldwide failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Worldwide to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Worldwide who are and who were subject to the unlawful payroll practices and

procedures of Worldwide and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

31. Worldwide knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with Worldwide as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. Worldwide never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

32. Worldwide willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Worldwide as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against Worldwide on the basis of Worldwide's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: WAGE AND HOUR VIOLATION BY ALI A. MALEK (OVERTIME)

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 and 20-33 above as if set out in full herein.

35. At the times mentioned, the Individual Defendant was, and is now, the Owner and/or Officer of Worldwide. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of Worldwide in relation to the employees of Worldwide, including Plaintiff and others similarly situated. The Individual Defendant had operational control of Worldwide, was involved in the day-to-day functions of Worldwide, provided Plaintiff with his/her work schedule, and is jointly liable for Plaintiff's damages.

36. The Individual Defendant is and was at all times relevant a person in control of Worldwide's financial affairs and can cause Worldwide to compensate (or not to compensate) its employees in accordance with the Act.

37. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Worldwide as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: 11/04/2015

Respectfully submitted,

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549